UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE E. LAVARIAS, an individual and borrower,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, a business entity; and DOES 1 through 10 inclusive,<br><br>Defendants. | No. 2:16-cv-00901-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Defendant Wells Fargo Home Mortgage ("Wells Fargo") moves to dismiss Plaintiff Katherine E. Lavarias's ("Plaintiff's") Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 9(b). Plaintiff opposes the motion in part. For the following reasons, the Court GRANTS in part and DENIES in part Wells Fargo's motion.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 28, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Court takes the following facts as true for purposes of this motion.

Plaintiff resides at 3021 Simms Lane, Tracy, California 95377. Compl. ¶ 13. She alleges Wells Fargo "may be the current servicer of [her] loan." Id. ¶ 5. In 2014, Plaintiff called Wells Fargo to inquire about a loan modification because her income had decreased. Id. ¶ 14. "Agents of Wells Fargo told Plaintiff to default and to send in all loan documents." Id. ¶ 15. Thereafter, Plaintiff submitted "documents and was put in a loan modification review with Wells Fargo." Id. ¶ 16. Wells Fargo demanded additional documents, which Plaintiff sent via fax. Id. ¶ 20. Wells Fargo denied receiving the documents, and consequently, Plaintiff expended time and money resending them. Id. Despite assurances from Wells Fargo that the Property "would not go to foreclosure sale while" her file was under review for a loan modification, Plaintiff received a Notice of Default. Id. ¶¶ 33-34.

In December 2015, Plaintiff sued Wells Fargo in San Joaquin County. Her complaint for damages and equitable relief asserts four causes of action: (1) violation of California Business and Professions Code section 17200 (the "UCL cause of action"); (2) violation of the covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) actual fraud (Doc. #1-1). Wells Fargo removed the case on the basis of diversity (Doc. #1) and has now moved to dismiss (Doc. #3). Plaintiff opposes (Doc. #6). Although Plaintiff references a "First Amended Complaint" in her opposition, the operative complaint is the

2

Complaint attached as Exhibit A to Wells Fargo's Notice of Removal. Wells Fargo has filed a reply (Doc. #7).

## II.   OPINION

### A.   Judicial Notice

Wells Fargo requests the Court take judicial notice of numerous exhibits in support of its motion to dismiss (Doc. #4).

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. The exceptions are material attached to or relied on by the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. E.g., Sherman v. Stryker Corp., No. SACV 09-224JVS(ANx), 2009 WL 2241664, at *2 (C.D. Cal. Mar. 30, 2009) (citing Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).

The Court takes judicial notice of Wells Fargo's exhibits as they are all either public or court records not subject to reasonable dispute, information obtained from government websites, or documents reflecting official acts of the executive branch of the United States. Fed. R. Evid. 201; Hines v. Wells Fargo Home Mortg., Inc., No. 2:14-CV-01386-JAM-KJN, 2014 WL 5325470, at *2-3 (E.D. Cal. Oct. 17, 2014); Williams v. Wells Fargo Bank, NA, No. SA CV 13-0303-DOC, 2013 WL 2047000, at *1 n.3 (C.D. Cal. May 13, 2013).

///
///
///

B.  Analysis

    1.  First Cause of Action: Violation of California Business and Professions Code

Wells Fargo seeks dismissal of Plaintiff's UCL cause of action on multiple grounds, discussed below.

        a.  Standing

Wells Fargo argues Plaintiff lacks standing because she has not alleged economic injury, lost money or property, or causation. Def. Wells Fargo's Notice of Mot. & Mot. to Dismiss Compl.; Mem. of P. & A. ("Mot.") 8:23-25.

To have standing to bring a UCL cause of action, a plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (alteration in original) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)).

Plaintiff has sufficiently pleaded an economic injury. Here, Plaintiff alleges she suffered damages in the form of

> loss of Plaintiff's equity, costs and expenses related to protecting Plaintiff's Residence, reduced credit score, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those

4

1 |         services, as well as fees and costs, including . . .
            attorneys' fees and costs and damages for the
2 |         inability to get credit.

3 | Compl. ¶ 55; see Rizk v. Residential Credit Sols., Inc., No. CV
4 | 14-9371-MWFJCX, 2015 WL 573944, at *8 (C.D. Cal. Feb. 10, 2015)
5 | (finding "alleg[ations] that [borrower] suffered damages in the
6 | form of overpayment of interest on his mortgage, reduction in
7 | credit limits, increased credit card rates, rejection of car loan
8 | and credit card applications, and attorney's fees" sufficient to
9 | give borrower standing to bring his UCL claims); see also Hines,
10 | 2015 WL 351818, at *5 (collecting cases).
11 |      As for causation, Wells Fargo argues Plaintiff cannot assert
12 | Wells Fargo's alleged wrongful actions in 2014 caused her
13 | economic injury because Plaintiff was already in default in 2011.
14 | E.g., Mot. 8:25-26.
15 |      But Wells Fargo has not shown Plaintiff failed to cure pre-
16 | petition arrears as provided for in her Chapter 13 plan. Chapter
17 | 13 bankruptcy "allows a homeowner in default to reinstate the
18 | original loan payments, pay the arrearages over time, avoid
19 | foreclosure, and retain the home." Aceves v. U.S. Bank, N.A.,
20 | 192 Cal. App. 4th 218, 223, as modified (Feb. 9, 2011);
21 | 2 Bankruptcy Law Manual § 13:3 (5th ed. 2016) (citing 11 U.S.C.
22 | § 1322(b)(3), (5)) ("A Chapter 13 plan can provide for the cure
23 | of a default on a home mortgage."). Plaintiff's Chapter 13 plan
24 | provided for the "cure [of] all pre-petition arrears" over a
25 | three-year commitment period. Ex. I, at 90 § III.C.3.09; Ex. H,
26 | at 80. Plaintiff alleges "Plaintiff would have been current on
27 | the mortgage save for conversations with agents of Wells Fargo,"
28 | which suggests Plaintiff cured pre-petition arrears and was

5

current on her mortgage payments when she contacted Wells Fargo. Compl. ¶ 27. Wells Fargo has not controverted these allegations with judicially-noticed facts.

Wells Fargo's reliance on <u>Jenkins v. JP Morgan Chase Bank, N.A.</u>, 216 Cal. App. 4th 497 (2013), <u>as modified</u> (June 12, 2013) <u>disapproved of by</u> <u>Yvanova v. New Century Mortg. Corp.</u>, 62 Cal. 4th 919 (2016), is misplaced. Unlike <u>Jenkins</u>, where plaintiff's second amended complaint "and opening brief acknowledge[d] her default occurred *prior to* the six unlawful or unfair acts she allege[d] as the basis of her UCL action," <u>id.</u> at 523, here Plaintiff alleges her default occurred *after* she contacted Wells Fargo in 2014, <u>see</u> Compl. ¶¶ 14, 18, 26-27.

Wells Fargo also cites <u>DeLeon v. Wells Fargo Bank, N.A.</u>, No. 10-CV-01390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011). In <u>DeLeon</u>, the court dismissed plaintiffs' UCL claim for lack of standing where plaintiffs failed to provide a factual basis for the allegation that defendant's conduct caused their loss of property; instead, "the facts alleged suggest[ed] that [p]laintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default." <u>Id.</u>

In this case, Plaintiff alleges her income decreased, suggesting she had trouble making her monthly payments. Compl. ¶ 14. But unlike <u>DeLeon</u>, where plaintiffs acknowledged in their second amended complaint "they had been unable to make their monthly payments," <u>DeLeon</u>, 2011 WL 311376, at *7, here Plaintiff alleges she "would have been current on the mortgage save for conversations with agents of Wells Fargo," Compl. ¶ 27, and she

6

1  asked Wells Fargo's agents if she should make her monthly
2  payments while in review, which suggests she had the ability to
3  pay, id. ¶ 18.  Given these allegations, Plaintiff has
4  sufficiently pled that Wells Fargo's conduct caused an economic
5  injury to her.

                b.    Unlawful, Unfair, or Fraudulent Business Practice

8      Wells Fargo also seeks dismissal of Plaintiff's UCL cause of
9  action on grounds the Complaint does not demonstrate any conduct
10 by Wells Fargo that constitutes an unlawful, unfair, or
11 fraudulent business practice.  Mot. 10:2-11:17.
12     Plaintiff argues in response that the following allegations
13 demonstrate an unfair business practice: Wells Fargo promised to
14 modify Plaintiff's loan but breached that promise, and Wells
15 Fargo told Plaintiff to stop making monthly payments so that it
16 could proceed with foreclosure instead of providing a loan
17 modification.  Pl.'s Opp'n to Def.'s Mot. ("Opp'n") 6:23-7:9.  In
18 her opposition brief, she adds facts about a referral to the
19 program "Keep Your Home California," but these facts are not
20 contained in the Complaint.  Id. at 7:15-23.

21-28
> California Business and Professional Code § 17200
> defines unfair competition as an "unlawful, unfair, or
> fraudulent business act or practice."  To make out a
> claim based on unlawful conduct, [p]laintiff must
> allege facts sufficient to establish a violation of
> some law.  To establish fraudulent conduct,
> [p]laintiff must allege, with particularity, facts
> sufficient to establish that the public would likely
> be deceived by [d]efendants' conduct, including
> specific deceptive statements or omissions with
> alleged facts showing why those specific statements or
> omissions would be likely to deceive the public.
> Finally, to assert an unfair business act or practice,
> [p]laintiffs must state facts showing that
> [d]efendants' conduct is unfair.

7

Banaga v. Taylor Bean Mortg. Co., No. 11-4007 JSC, 2011 WL 5056985, at *6 (N.D. Cal. Oct. 24, 2011) (citation and internal quotation marks omitted). UCL causes of action grounded in fraud must satisfy Rule 9(b)' pleading requirements. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Plaintiff's UCL cause of action is predicated, in part, on the same conduct that forms the basis of her other causes of action. As discussed below, the causes of action for violation of the covenant of good faith and fair dealing based on a promise or offer of loan modification, breach of fiduciary duty, and actual fraud fail as insufficiently pleaded. Accordingly, Plaintiff fails to state a UCL cause of action predicated on these causes of action. The Court, however, finds that one of Plaintiff's causes of action—violation of the covenant of good faith and fair dealing based on the loan contract—survives Wells Fargo's dismissal motion. Accordingly, Plaintiff may proceed with a UCL cause of action predicated on this cause of action.

Plaintiff's allegation that Wells Fargo violated California's unfair competition law by failing to offer a loan modification fails to state a claim. See Compl. ¶ 51, 53. In California Civil Code section 2923.6, the legislature declared that a servicer acts in the best interests of all parties if it implements a loan modification; "[h]owever, nothing in [section] 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers." Vissuet v. Indymac Mortg. Servs., No. 09-CV-2321-IEG(CAB), 2010 WL 1031013, at *6 (S.D. Cal. Mar. 19, 2010). The Court dismisses Plaintiff's UCL cause of action to the extent it is predicated on

Wells Fargo's failure to offer a loan modification.

Plaintiff also contends her UCL cause of action is predicated on a violation of dual tracking law. Opp'n 7:21-23. California Civil Code section 2923.6 prescribes: "If a borrower submits a complete application for a first lien loan modification" the foreclosing entity "shall not record a notice of default . . . while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). An application is "deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Id. § 2923.6(h).

The Court rejects Wells Fargo's argument that no dual tracking occurred because a Notice of Default was recorded in 2011, which is before the commencement of the alleged loan modification review in 2014 and before the enactment of the California Homeowner Bill of Rights on January 1, 2013. Mot. 7:6-22. Plaintiff alleges she received a Notice of Default *after* contacting Wells Fargo in 2014, and Wells Fargo has not controverted these allegations with judicially-noticed facts.

The Court agrees, however, with Well Fargo's alternative argument that Plaintiff has failed to plead sufficient facts stating a violation of dual tracking law. See Mot. 7:11-12, 8:1-10. Specifically, Plaintiff alleges insufficient facts for the Court to determine when or if Plaintiff's application should be deemed complete under section 2923.6(h). The Court therefore dismisses Plaintiff's UCL cause of action to the extent it is predicated on a violation of dual tracking law.

In sum, Plaintiff's UCL causes of action predicated on a violation of the covenant of good faith and fair dealing based on the loan contract survives, and the Court dismisses her UCL causes of action predicated on other theories. Because Wells Fargo has not shown amendment would be futile, Plaintiff will be given leave to amend.

### 2. Second Cause of Action: Violation of the Covenant of Good Faith and Fair Dealing

Wells Fargo seeks dismissal of Plaintiff's second cause of action for violation of the covenant of good faith and fair dealing. Although Plaintiff's Complaint is not a model of clarity, Plaintiff appears to rely on contract principles in this cause of action. That is, she alleges this cause of action is based on Wells Fargo's (1) denial of the loan contract's benefits, Compl. ¶¶ 60-61, and (2) refusal to fulfill its promise or offer of loan modification, Compl. ¶¶ 63-64. Plaintiff's opposition references an "oral contract" to modify the loan, but again adds factual detail not contained in the Complaint. Opp'n 8:22-23.

"Every contract contains an implied covenant of good faith and fair dealing providing that no party to the contract will do anything that would deprive another party of the benefits of the contract." Digerati Holdings, LLC v. Young Money Entm't, LLC, 194 Cal. App. 4th 873, 885 (2011).

> Under California law, to allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantively all of the things that the contract required him to do or that he was excused from having to do so; (3) all conditions

required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff.

Merced Irr. Dist. v. Cty. of Mariposa, 941 F. Supp. 2d 1237, 1280 (E.D. Cal. 2013).

Wells Fargo first argues Plaintiff cannot use this covenant to vary the deed of trust's express terms requiring Plaintiff to timely pay the lender. Mot. 12:17-24. Indeed, California courts have held that plaintiffs cannot use the covenant to impose substantive duties beyond those explicitly incorporated in the contract. See, e.g., Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1094 (2004) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." (internal quotation marks omitted)). The Complaint does not allege Wells Fargo had a contractual duty to modify her loan with sufficient specificity, and the Court dismisses this cause of action based on Wells Fargo's alleged refusal to fulfill its promise or offer of loan modification. Because Wells Fargo has not shown amendment would be futile, Plaintiff is granted leave to amend.

Wells Fargo next argues Plaintiff does not allege it interfered with Plaintiff's rights under the loan contract. Mot. 12:25-13:13. Specifically, it argues Plaintiff's choice to stop making monthly payments was hers alone to make, and it cites a number of out-of-district cases in which the court dismissed claims for breach of the implied covenant under similar circumstances. Id. at 13:1-4; Fevinger v. Bank of Am., N.A., No.

11

5:13-CV-04839-PSG, 2014 WL 3866077, at *4 (N.D. Cal. Aug. 4, 2014); ); Ha v. Bank of Am., N.A., No. 5:14-CV-00120-PSG, 2014 WL 3616133, at *9-10 (N.D. Cal. July 22, 2014); Ren v. Wells Fargo Bank, N.A., No. 13-0272 SC, 2013 WL 5340388, at *2 (N.D. Cal. Sept. 24, 2013); Franczak v. Suntrust Mortg. Inc., No. 5:12-CV-01453 EJD, 2013 WL 843912, at *3-4 (N.D. Cal. Mar. 6, 2013). In Ha, for example, the district court rejected plaintiff's breach of the implied covenant of good faith and fair dealing claim where defendant "merely responded to [plaintiff]'s inquiries and explained how she could enter the loan modification process by going late on her payments," because "[plaintiff']s election to skip payments was [plaintiff]'s alone to make." 2014 WL 3616133, at *9.

The Court finds that Plaintiff has pleaded sufficient facts to demonstrate Wells Fargo's interference. Plaintiff alleges the following: Wells Fargo's agents told her to default and send in loan documents. Compl. ¶ 15. Thereafter, Plaintiff submitted loan documents and "was put in a loan modification review with Wells Fargo." Id. ¶ 16. Wells Fargo's agents told Plaintiff "it was not necessary" to make monthly payments, id. ¶ 18, and they assured her "that a foreclosure sale would not occur" while she was in the loan modification review, id. ¶ 28. Despite this assurance, Plaintiff received a Notice of Default. Id. ¶ 26. It is plausible to infer from these facts that Wells Fargo "unfairly interfered with the plaintiff's right to receive the benefits of the contract," Merced Irr. Dist., 941 F. Supp. 2d at 1280, i.e., her right to make monthly payments, remain current on her loan, and avoid foreclosure.

12

1          This lawsuit is distinguishable from the <u>Fevinger</u>, <u>Ha</u>, <u>Ren</u>,
2    and <u>Franczak</u> line of cases because Plaintiff alleges Wells Fargo
3    did more than give her the impression that going into default
4    would secure a loan modification; she alleges Wells Fargo
5    instructed her to default and also assured her it would not
6    initiate foreclosure while Plaintiff was in loan modification
7    review.  See <u>Hatton v. Bank of Am., N.A.</u>, No. 1:15-CV-00187-GSA,
8    2015 WL 4112283, at *5 (E.D. Cal. July 8, 2015) (denying motion
9    to dismiss where plaintiffs alleged they "chose not to make later
10   payments based solely on [d]efendant's insistence that payments
11   were not required during the course of applying for a
12   modification" (internal quotation marks omitted)); e.g., <u>Harvey</u>
13   <u>v. Bank of Am., N.A.</u>, No. 12-3238 SC, 2013 WL 632088, at *3 (N.D.
14   Cal. Feb. 20, 2013) (denying motion to dismiss where lender
15   allegedly "advis[ed] [p]laintiff not to make payments in order to
16   apply for a loan modification and . . . promis[ed] Plaintiff that
17   it would not report him late or foreclose on his property while
18   his loan modification application was under review").
19         Lastly, Wells Fargo contends Plaintiff's Chapter 13 plan
20   makes certain that Plaintiff herself breached the contract terms,
21   "without any excuse or justification," Mot. 13:14-16.  Wells
22   Fargo does not, however, explain how this is so or provide
23   authority for this argument.
24         In sum, Plaintiff's second cause of action is dismissed to
25   the extent it is based on a promise or offer of loan
26   modification.  The Court denies dismissal of Plaintiff's second
27   ///
28   ///

13

cause of action to the extent it is based on the loan contract.[2]

### 3. Third Cause of Action: Breach of Fiduciary Duty

Wells Fargo seeks dismissal of Plaintiff's breach of fiduciary duty cause of action, arguing, *inter alia*, Plaintiff fails to allege facts showing Wells Fargo exceeded its traditional role as a mere lender of money and therefore fails to allege the existence of a fiduciary relationship. Mot. 14:1-4.

"The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." Knox v. Dean, 205 Cal. App. 4th 417, 432 (2012). As a general matter, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 (1991); Ragland v. U.S. Bank Nat. Ass'n, 209 Cal. App. 4th 182, 206 (2012) ("No fiduciary duty exists between a borrower and lender in an arm's length transaction.").

Plaintiff's opposition fails to address Wells Fargo's grounds to dismiss this claim and the conclusory allegations in her Complaint that Wells Fargo acted as Plaintiff's agent are insufficient to properly demonstrate the existence of a fiduciary relationship, see Compl. ¶ 69. Plaintiff's cause of action for breach of fiduciary duty is therefore dismissed with leave to amend.

///

---

[2] The Court need not and does not reach Wells Fargo's statute of frauds argument because it was raised for the first time in reply. Def. Wells Fargo's Reply to Opp'n ("Reply") 4 n.2.

14

4.     Fourth Cause of Action: Actual Fraud

Wells Fargo seeks dismissal of Plaintiff's fourth cause of action for actual fraud. Plaintiff opposes the motion to dismiss by relying in part, on facts not present in the Complaint. See Opp'n 11:3-13.

Well Fargo argues that dismissal is warranted because no misrepresentation concerning Plaintiff's default is identified in the Complaint, Mot. 15:4-6. This is not, however, the misrepresentation Plaintiff alleges. Instead, she alleges Wells Fargo, their agents, and assigns misrepresented to her that she qualified for a loan modification. Compl. ¶¶ 79, 81-82.

Wells Fargo next argues the Complaint fails under Rule 9(b) because Plaintiff does not identify the speaker, or state when and where the representations were made. Plaintiff counters she can ascertain the speaker's identity through discovery. Opp'n 10:13-16.

Rule 9(b) governs allegations of fraud. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," meaning a party must plead "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted).

The Complaint lacks the necessary factual information to withstand dismissal. Plaintiff alleges Wells Fargo, their agents, and assigns misrepresented to her that she qualified for a loan modification yet her other allegations that Wells Fargo has not yet responded to her application with an approval or

15

1  denial, Compl. ¶ 37, call into question whether their alleged
2  statements constitute a misrepresentation.  Nor does Plaintiff
3  include information about the time or place in which the alleged
4  statements to Plaintiff were made, as required under Rule 9(b).
5       For these reasons, Plaintiff's fourth cause of action for
6  actual fraud is dismissed with leave to amend.  The Court need
7  not and does not reach Wells Fargo's remaining arguments that
8  Plaintiff has failed to allege knowledge of falsity, justifiable
9  reliance, and resulting damages.
10              5.   Additional Arguments for Dismissal
11      Wells Fargo argues Plaintiff is judicially estopped from
12 alleging Wells Fargo induced her to default on her loan in 2014
13 because in 2011, Plaintiff admitted in her Chapter 13 plan that
14 she owed $10,637.34 in pre-petition arrears to Wells Fargo.  Mot.
15 5:6-8.
16      "A court invokes judicial estoppel at its discretion."
17 Yanez v. United States, 989 F.2d 323, 326 (9th Cir. 1993).  Wells
18 Fargo cites Ah Quin v. County of Kauai Department of
19 Transportation, 733 F.3d 267, 271 (9th Cir. 2013), which
20 explained: "If a plaintiff-debtor omits a pending (or soon-to-be-
21 filed) lawsuit from the bankruptcy schedules and obtains a
22 discharge (or plan confirmation), judicial estoppel bars the
23 action."
24      Wells Fargo has not provided judicially-noticeable documents
25 evincing the outcome of Plaintiff's 20011 bankruptcy case, which
26 the bankruptcy court confirmed in August 2011.  Ex. I.  Nor has
27 it shown Plaintiff had to disclose causes of action arising post-
28 confirmation.  For these reasons, Wells Fargo has not shown

judicial estoppel bars this lawsuit; its argument that *res judicata* bars this lawsuit similarly fails. See Mot. 4:13-14.

Wells Fargo also seeks dismissal of Plaintiff's factual allegation that "Wells Fargo is not the current holder of the Note or the Deed of Trust," but the Court does not reach this issue since it is not necessary to resolve the dismissal motion. See Mot. 5:12-14; Compl. ¶¶ 3, 40.

### 6. Home Owner's Loan Act Preemption

Wells Fargo attempts to argue Plaintiff's claims are preempted by the Home Owner's Loan Act, 12 U.S.C. § 1461, *et seq.* (HOLA). Mot. 15:26-20:6. Although three lines appear on page fifteen of the motion, which is within the Court's page limits, Wells Fargo makes the substance of this argument beyond the page limit the Court permits for motions to dismiss. Wells Fargo's reply repeats many of the same arguments beyond the page limit as well. Reply 6:25-7:19. Plaintiff does not address HOLA preemption in her opposition.

The only argument made within the Court's page limits is that Plaintiff's claims are similar to claims that other district courts have dismissed on HOLA preemption grounds. Mot. 15:26-28. Wells Fargo has not shown similarity to those claims dismissed on HOLA preemption grounds and the sole remaining claim here: violation of the covenant of good faith and fair dealing.

The Court declines to consider Wells Fargo's remaining HOLA preemption arguments as grounds for dismissal, and this portion of Wells Fargo's motion is denied.

///

///

### III.   ORDER

For all the foregoing reasons, the Court DENIES Wells Fargo's motion to dismiss the First Cause of Action to the extent this UCL cause of action is predicated on a violation of the covenant of good faith and fair dealing based on the loan contract.  The Court GRANTS the motion to dismiss the UCL cause of action to the extent it is predicated on other theories, with leave to amend.

The Court DENIES the motion to dismiss the Second Cause of Action for violation of the covenant of good faith and fair dealing based on the loan contract.  The Court GRANTS the motion to dismiss this cause of action to the extent it is based on a promise or offer of a loan modification, with leave to amend.

The Court GRANTS the motion to dismiss the Third Cause of Action for breach of fiduciary duty, with leave to amend.

The Court GRANTS the motion to dismiss the Fourth Cause of Action for actual fraud, with leave to amend.

If Plaintiff desires to cure the defects identified in her dismissed causes of action, Plaintiff's amended complaint must be filed within twenty days from the date of this Order.  Wells Fargo's responsive pleading is due within twenty days thereafter.  Failure to cure the defects identified in this Order may be grounds for dismissal of those claims without further leave to amend.  Dick v. Am. Home Mortg. Servicing, Inc., No. ADV 12-2007, 2013 WL 5299180, at *6 (E.D. Cal. Sept. 18, 2013).

Finally, Wells Fargo's opening brief is five pages longer than the page limit allowed by the Court, and the reply brief exceeds the Court's page limit by two pages.  See Order Re Filing

Requirements 1:19-21.  In accordance with the Order Re Filing Requirements, Wells Fargo is sanctioned in the amount of $350. Id. at 1:22-23 ("A violation of this Order will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page . . . .").  Wells Fargo's counsel is to pay this amount within five (5) days of the date of this Order.

IT IS SO ORDERED.

Dated:   August 4, 2016

JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE